IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **RUMALDO RAMIREZ** | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO.: 7:22-CV-00079** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| *Defendant.* | § | **JURY REQUESTED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES, Plaintiff, **RUMALDO RAMIREZ**, and files this petition, complaining of **WAL-MART STORES TEXAS, L.L.C.,** and for cause of action respectfully shows:

### I.
### DISCOVERY CONTROL LEVEL

Pursuant to Texas Rules of Civil Procedure Rule 190.1, Plaintiff intends to conduct discovery in this case under Level 3.

### II.
### PARTIES

Plaintiff is an individual residing in Hidalgo County, Texas.

Defendant, **WAL-MART STORES TEXAS, LLC** is a foreign corporation authorized to conduct business in the State of Texas who has appeared and answered and therefore no service of process is necessary.

### III.
### VENUE

Venue of the above-styled cause is proper in HIDALGO County pursuant to the provisions of §15.001 and §15.002, of the TEX. CIV. PRAC. & REM. CODE, in that the event giving rise to the claim occurred in Hidalgo County, Texas.

## IV.
## FACTUAL ALLEGATIONS

On or about March 24, 2021, Plaintiff, **RUMALDO RAMIREZ,** was an invitee in the store maintained and operated by Defendant, **WAL-MART STORES TEXAS, L.L.C** located at 2800 W. Nolana Ave, McAllen, Hidalgo County, Texas 78504.

While upon Defendant's premises, Plaintiff, **RUMALDO RAMIREZ,** suffered serious bodily injuries as a direct result of Mr. Ramirez was turning the corner of an aisle inside of Wal-Mart, when all of a sudden he slipped and fell on a large puddle of green liquid soap on the floor with streaks from dirt and traffic; Plaintiff's fall was proximately caused by a dangerous condition created by the spilled liquid soap left unattended for an extended period of time in which Defendant, its agents, servants, and employees, knew of, or in the exercise of ordinary care, should have known existed.

Pleading further, and in the alternative, Plaintiff invokes the doctrine of *res ipsa loquitur*.

## V.
## CAUSES OF ACTION

On the incident in question, Defendant, **WAL-MART STORES TEXAS, L.L.C,** its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff, **RUMALDO RAMIREZ**, in the following respects:

(a) Failure to inspect the dangerous condition created by the liquid soap on the floor;

(b) Failure to make a proper inspection of the floor of the aisle prior to the time Plaintiff slipped and fell;

(c) Failure to properly and adequately discover the dangerous condition on the floor;

(d) Failure to eliminate the liquid soap from the floor prior to Plaintiff's slip and fall, so as to make it dry and safe;

(e) Failure to keep the floor of the aisle in a reasonably safe condition for its customers at the time of and prior to the time that Plaintiff slipped and fell;

(f) In maintaining the premises in an unsafe condition by permitting liquid soap to be and remain on the aisle floor;

(g) Failure to warn Plaintiff and other patrons that there was liquid soap on the aisle floor;

(g) Failure to place warning signs or barricades around the liquid soap on the aisle floor;

(i) Failure to discover and clean up the liquid soap from the aisle floor;

(j) Failure to exercise ordinary care in discovering and cleaning up the liquid soap from the floor after it had been there a sufficient length of time prior to the time Plaintiff slipped and fell; and

(k) Failure to correct the dangerous condition existing on the aisle floor mentioned herein-above.

Plaintiff contends further that nothing he did or failed to do contributed to the cause of the incident that is the basis of this suit.

Each of the foregoing acts of negligence was a proximate cause of Plaintiff's resulting injuries and damages.

## VI.
## DAMAGES

Upon trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a proximate result of Defendant's negligence. Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff have incurred, not only from a financial standpoint, but also in terms of good health, freedom from pain and worry and mental anguish. There are certain elements of damages, provided by law that the Plaintiff are entitled to have. The Jury in this case will separately consider determining the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred. From the date of the incident in question until the time of trial of this case, those

elements of damages to be considered separately and individually for the purpose of determining the sum of money that will be fair and reasonably compensate Plaintiff for each element are as follows:

    (a)    the physical pain that Plaintiff suffered from the date of the incident in question to the present time;

    (b)    the mental anguish that Plaintiff suffered from the date of the incident in question up to the present time;

    (c)    the amount of reasonable medical expenses necessarily incurred by Plaintiff in his treatment for injuries from the date of the incident in question to the present time;

    (d)    the physical impairment suffered by Plaintiff from the date of the incident to the present time; and

    (e)    the disfigurement suffered by Plaintiff from the date of the incident into the present time.

From the time of trial of this case, the elements of damages to be considered which Plaintiff will sustain in the future beyond the trial are such of the following elements of damages as will be shown by a preponderance of the evidence upon trial of this case:

    (a)    the physical pain that Plaintiff suffered in the future beyond the time of trial;

    (b)    the mental anguish that Plaintiff will suffer in the future beyond the time of trial;

    (c)    the amount of reasonable medical expenses necessarily incurred by Plaintiff in his treatment;

    (d)    the physical impairment suffered by Plaintiff from the date of the incident in to the present time; and

    (d)    The disfigurement suffered by Plaintiff from the date of the incident in to the present time.

The Defendant's actions and/or omissions entitle Plaintiff to the award of exemplary damages as prescribed by the Texas Civil Practice and Remedies Code.

Plaintiff would respectfully show that all proofs of loss and other conditions precedent necessary to the maintenance of this suit against the Defendant have been met and fulfilled by Plaintiff.

Plaintiff is requesting the limits allowed by law of this Court as damages to satisfy the causes of action herewith contained. Pursuant to Rule 47, Plaintiff requests monetary relief over $250,000, but not more than $1,000,000.

## VII.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to the Defendant that Plaintiff intends to use as evidence all documents that have been produced or will be produced by any and all parties. Plaintiff asks the court to consider this formal notice that all documents, including photographic material and video graphic material, produced by all parties and non-parties in response to written discovery, supplemental discovery, amended discovery, and any and all depositions. This will include but not limited to, the reports and records of the Plaintiff's healthcare providers that were produced or will be produced on behalf of Plaintiff in response to a request for production, and any other discovery may be used at pre-trial and trial.

## VIII.
## SPOLIATION

Plaintiff request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical record, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and any electronic

image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff **RUMALDO RAMIREZ**, prays and requests that the Defendant, **WAL-MART STORES TEXAS, L.L.C.**, be adjudged liable to as set forth above, and for all lawful pre-judgment and post-judgment interest, for costs of court and for such other and further to relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF BOBBY GARCIA, P.C.**
P.O. Box 5729
McAllen, Texas 78502
Telephone:　　(956) 668-7400
Facsimile:　　(956) 668-7500
E-Service email:　litigation@bobbygarcia.com

_____
**BOBBY GARCIA**
Federal Bar #14531
Texas SBN: 07645210
New York SBN: 5387485
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served via electronic court filing (ECF) on this the **18th day of April, 2022** to the following:

**VIA ECF & EMAIL**
Mr. Jaime A. Saenz
Mr. Jacob T. Casso
Colvin, Saenz, Rodriguez & Kennamer, LLP
1201 E. Van Buren Street
Brownsville, Texas 78520
Telephone: (956) 542-7441
Facsimile:  (956) 541-2170
ja.saenz@rcclaw.com
jt.casso@rcclaw.com
**COUNSEL FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

_____
Bobby R. Garcia